IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-06-CR-0085-L(01) |
| | § | NO. 3-09-CV-1487-L |
| VERNON COOKS, JR. | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Vernon Cooks, Jr., a federal prisoner, has filed a Rule 60(b) motion to vacate the judgment in his criminal case and to order a new trial based on newly discovered evidence, which the district judge has construed as a motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed without prejudice.

I.

A federal jury convicted defendant of wire fraud in violation 18 U.S.C. § 1343, bank fraud in violation of 18 U.S.C. § 1344, and money laundering in violation of 18 U.S.C. § 1957(a). Punishment was assessed at a total of 135 months confinement, followed by supervised release for a period of five years. The district court also ordered defendant to pay restitution in the amount of $1,443,954.43. On October 29, 2007, defendant timely filed a *pro se* notice of appeal. That appeal is currently pending before the Fifth Circuit. *See United States v. Cooks*, No. 07-11151 (5th Cir., dkt'd Oct. 31, 2007). On July 7, 2009, defendant filed the instant motion.

II.

In one broad ground for relief, defendant contends that his conviction was the result of prosecutorial misconduct.

III.

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 2450 (1989), *citing Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). Where, as here, a defendant seeks section 2255 relief while a direct appeal is pending, the district court should decline to address the motion. *See, e.g. Canales v. United States*, No. 3-07-CV-0078-L, 2007 WL 646189 at *1 (N.D. Tex. Feb. 28, 2007) (defendant may not seek post-conviction relief while direct appeal is pending); *Risby v. Wendt*, No. 3-04-CV-0291-R, 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004), *rec. adopted*, 2004 WL 937013 (N.D. Tex. Apr. 29, 2004), *appeal dism'd*, No. 04-10533 (5th Cir. Nov. 15, 2004) (construing application for writ of habeas corpus as a section 2255 motion and dismissing case without prejudice because underlying criminal conviction was on appeal); *United States v. Norwood*, No. 7-06-CV-187-R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (dismissing section 2255 motion as "premature" where direct appeal was pending).

## **RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to post-conviction relief at this time. Accordingly, defendant's motion to correct, vacate, or set aside his sentence should be summarily dismissed without prejudice. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   August 12, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE